IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| HECTOR LOPEZ, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civ. No. 19-00299 ACK-RT |
| ) | Cr. No. 97-01117 ACK |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

## ORDER DENYING PETITIONER'S MOTION FOR VACATION AND IMMEDIATE RELEASE

Petitioner Hector Lopez has filed a Letter/Motion for the Holloway Doctrine through which he seeks the Court vacate his sentence as to Counts 1, 2, and 4, deem his time served as to Count 5, and grant him immediate release. ECF No. 331. For the reasons set forth below, the Court hereby DENIES Petitioner's Motion.

### BACKGROUND

On October 8, 1997, Petitioner was charged by a federal grand jury with conspiracy to distribute more than 1 kilogram of heroin, relieving and assisting co-defendant Francisco Davalos in the use and possession of a firearm during and in relation to a drug trafficking crime which resulted in the murder of Arturo Renteria-Hernandez, and carrying and using

1

a firearm during and in relation to a drug trafficking crime and causing the first degree murder of Renteria-Hernandez. ECF No. 1. On July 29, 1997, the indictment was superseded to charge Petitioner with: Count 1: Conspiracy to Distribute 1 kilogram or more of Heroin; Count 2: Conspiracy to Distribute more than 100 grams of Heroin; Count 4: Rendering Aid and Comfort to Francisco Davalos that Davalos Had Committed the Murder of Arturo Renteria-Hernandez; and Count 5: Carrying and Using a Firearm During and In Relation to the Count 2 Drug Trafficking Conspiracy, and in the Course of that Violation Committing the First Degree Murder of Armando Renteria-Hernandez. ECF No. 207.

On September 25, 1998, following a 9-day jury trial, Petitioner was convicted of Counts 1, 2, 4, and 5. ECF No. 247. On April 19, 1999, Petitioner was sentenced to a term of imprisonment of 151 months for Counts 1, 2, and 4, to be served concurrently, and life imprisonment for Count 5, to run consecutive to the 151-month sentence for the other counts. ECF No. 271.

On July 2, 2015, Petitioner filed a Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines. ECF Nos. 314, 315. The Court held Petitioner did not qualify for a sentence reduction pursuant to Amendment 782 in light of his

mandatory minimum sentence of life imprisonment for his conviction on Count 5, and the Court denied the Motion. ECF No. 321.

On June 27, 2016, Petitioner filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. ECF No. 322. Petitioner contended that he qualified for relief pursuant to the Supreme Court's decision in <u>Johnson v. United States</u>, 135 S.Ct. 2551 (2016), wherein the Court held that the "residual clause" of the Armed Career Criminal Act ("ACCA") of 1984 was unconstitutionally vague and a sentence imposed pursuant to that clause was therefore unconstitutional. ECF Nos. 322, 328. This Court denied Petitioner's motion, holding that Petitioner's sentence was not based on the ACCA, nor did Petitioner assert any arguments that the statutes for which he was convicted contained unconstitutionally vague elements. ECF No. 328. The Court denied a certificate of appealability because "reasonable jurists could not find the Court's ruling debatable." ECF No. 328.

On June 10, 2019, Petitioner filed the instant Letter/Motion for the Holloway Doctrine. ECF No. 331. Petitioner asks the Court vacate his sentence as to Counts 1, 2, and 4, deem his time served as to Count 5, and grant him immediate release. <u>Id.</u> On June 14, 2019, the Court entered an

Order directing the Government to file a response by July 14, 2019 and providing Petitioner the option to file a reply within fifteen days of service of the Government's response. ECF No. 335. The Government filed a Response on July 9, 2019. ECF No. 336. Petitioner did not file a Reply. Pursuant to District of Hawaii Local Rule 7.1(d), the Court finds it appropriate to decide the instant matter without a hearing.

**DISCUSSION**

Petitioner seeks to reduce his sentence under what is being called the "Holloway Doctrine."[1] This district court has explained its "limited authority to modify a sentence once it has been imposed." Acuna v. United States, No. 07-00615 SOM, 2016 WL 3747531, at *2 (D. Haw. July 8, 2016); see also United States v. Diaz, No. CR 09-00294 LEK, 2018 WL 4119900, at *1 (D. Haw. Aug. 29, 2018) (quoting same). Pursuant to 18 U.S.C. § 3582(c)

> a judgment of a conviction including a sentence to imprisonment is final and may only be modified in three instances: 1) upon motion of the Director of the Bureau of Prisons; 2) pursuant to a motion by the Government under Rule

---

[1] Petitioner also cites to 18 U.S.C. § 3661 and the cases of Pepper v. United States, 562 U.S. 476, 131 S. Ct. 1229, 179 L. Ed. 2d 196 (2011) and United States v. Salinas-Cortez, 660 F.3d 695 (3d Cir. 2011) for the proposition that post-sentencing conduct could support a lower sentence at resentencing. Because this case is not reversed for resentencing, these authorities do not impact the Court's analysis.

4

> 35(b) of the Federal Rules of Criminal Procedure; and 3) pursuant to a sentencing range lowered by United States Sentencing Commission pursuant to 28 U.S.C. § 994(o). Under Rule 35(a) of the Federal Rules of Criminal Procedure, a court may correct a sentence that resulted from arithmetical, technical, or other clear error only within 14 days after sentencing.
>
> Holloway attempts to get around these limitations so as to permit a reduction of sentence in the "interest of fairness."

Acuna, 2016 WL 3747531 at *2; see also Diaz, 2018 WL 4119900 at *1-2 (quoting same).

## I. The Holloway Doctrine

The Holloway Doctrine is named for the case United States v. Holloway, 68 F. Supp. 3d 310 (E.D.N.Y. 2014). In that case, Holloway was convicted for the carjacking of three cars at gunpoint during a two-day span. Id. at 312. Holloway was charged with a separate count for using a firearm during a crime of violence in relation to each carjacking—totaling three separate counts of 18 U.S.C. § 924(c). Id. Under the then-mandatory Sentencing Guidelines, Holloway was sentenced to 151 months in prison for the three carjackings, plus mandatory sentences for the § 924(c) counts, resulting in a total sentence of 57 years and 7 months. Id. at 312-13. The conviction and sentence were affirmed by the Second Circuit and the Supreme Court; the district court denied Holloway's collateral attack

5

under 28 U.S.C. § 2255; the Second Circuit refused to issue a certificate of appealability; and the Second Circuit denied a successive petition.  Id. at 313-14.

Holloway filed a motion to reopen his § 2255 proceeding under Federal Rule of Civil Procedure 60(b).  Id. at 314.  The sentencing judge, Judge John Gleeson, reviewed the case and found "that there were good reasons to revisit Holloway's excessive sentence but no legal avenues or bases for vacating it," and therefore issued an order requesting the government exercise discretion and agree to an order vacating two or more of Holloway's § 924(c) convictions.  Id.  Although the government initially declined to agree to that order, it ultimately reconsidered, withdrawing its opposition to the Rule 60(b) motion and stating on the record that it would not oppose granting the § 2255 motion to vacate two of the § 924(c) convictions.  Id. at 314-15.  In so doing, the government emphasized Holloway's "extraordinary" record while in prison and cited the victims' support of Holloway's release.  Id. at 315.

**II. Application to Petitioner's Case**

This Court lacks authority to reduce Petitioner's sentence over the Government's objection.  As is evident from the history of Holloway itself, the district court was unable to act unless and until the government withdrew its opposition to Holloway's motion.  See Holloway, 68 F. Supp. 3d at 314-15.  The

6

Government has expressly opposed Petitioner's request, stating, in part, that "Hector Lopez was an active participant in a double homicide, which occurred during and in relation to a long running drug trafficking conspiracy in which he was a participant." Government's Response at 3. The Government concluded that "Lopez' sentence is neither excessive nor unjust" and that it "declines to exercise its discretion to perform any act, or acts that would result in a reduced sentence in this case." Government's Response at 3-4.

Further, this Court is unaware of any Ninth Circuit authority adopting the Holloway Doctrine. See United States v. Khang Kien Tran, No. CR 95-00151-5 DKW, 2018 WL 2750222, at *3 (D. Haw. June 7, 2018) ("[T]he Ninth Circuit has not approved the non-binding rationale applied in Holloway, and it appears that every district court within this Circuit which has addressed the issue has declined to apply Holloway to reduce a defendant's sentence.") (citations omitted).[2/]

The Court notes that Petitioner has previously filed a § 2255 motion without success and this Court denied a certificate of appealability. ECF No. 328. The Court in

---

[2/] The Ninth Circuit itself has not addressed the "Holloway Doctrine," except in one unpublished case where it states "the Holloway doctrine has not been adopted in this Circuit. Moreover, we agree with the district court that the instant case is factually distinguishable from Holloway." United States v. Burton, 771 F. App'x 813, 814 (9th Cir. 2019). The Court does not rely on this unpublished decision for its precedential value, but notes the absence of Ninth Circuit precedent adopting the Holloway Doctrine.

7

Holloway permitted Holloway to reopen his § 2255 motion pursuant to Federal Rule of Civil Procedure 60(b), 68 F. Supp. 3d at 314, but this Circuit does not permit a federal prisoner to rely on Rule 60(b) to raise a new claim under § 2255.  United States v. Buenrostro, 638 F.3d 720, 722 (9th Cir. 2011).  This Circuit has recognized that reopening a § 2255 motion "might" be justified where there was "a 'defect in the integrity of the federal habeas proceedings,' such as 'fraud on the habeas court.'"  Id. (quoting Gonzalez v. Crosby, 545 U.S. 524, 532 & n.5, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005)).

Because Petitioner is not asserting a defect in his prior § 2255 proceeding, Rule 60(b) is inapplicable.  Nor does it appear that Petitioner is bringing a second § 2255 motion, since Petitioner's Motion does not allege "the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack" pursuant to 28 U.S.C. § 2255(a).  Nor does Petitioner provide newly discovered evidence or a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court pursuant to 28 U.S.C. § 2255(h).  Instead, Petitioner is "asking this court for mercy" made "in the nature of clemency

petitions." Acuna v. United States, No. 07-00615 SOM, 2016 WL 3747531, at *4 (D. Haw. July 8, 2016). But the Court "has no authority to grant clemency absent the Government's agreement." Id.

Petitioner has included in his Motion descriptions of his exemplary conduct while incarcerated, including only three minor disciplinary infractions over his twenty-two years and no infractions whatsoever for the past eight and half years; his engagement in programs that seek the betterment of both himself and others; his investment in scholastic opportunities; and a transformative dedication to religious principles. See Motion. Such a record, particularly when considered alongside the constraints and challenges present in prison, is surely admirable, and the Court congratulates him for these worthy accomplishments. Although the Petitioner is no doubt disappointed with this outcome, the Court sincerely hopes Petitioner continues his personal development in the manner described in this Motion.

The Court is aware that the Petitioner has previously unsuccessfully sought clemency from the President; however, there is a new President and the Court suggests Petitioner seek clemency from him.

9

## **CONCLUSION**

For the foregoing reasons, the Court DENIES Petitioner's Motion, ECF No. 331.

IT IS SO ORDERED.

DATED:  Honolulu, Hawai`i, October 2, 2019.

_____
Alan C. Kay
Sr. United States District Judge

Lopez v. United States of America, Civ. No. 19-00299 ACK-RT, Cr. No. 97-01117 Order.